# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-147-M |
| | ) | (CIV-16-704-M) |
| LOY EUGENE DRIVER, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Loy Eugene Driver ("Driver"), a federal prisoner, filed a Motion to Correct Sentence under 28 U.S.C. § 2255 on June 23, 2016. On October 3, 2016, plaintiff-respondent United States of America filed its response.

I. Introduction

On June 20, 2012, a grand jury returned an Indictment charging Driver with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On August 13, 2012, Driver pled guilty to the Indictment. On April 11, 2013, this Court sentenced Driver to 180 months of incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based upon Driver's two prior Oklahoma convictions for controlled substances offenses and prior Oklahoma conviction for second-degree murder. Driver did not appeal the Court's judgment or sentence.

II. Discussion

In his § 2255 motion, Driver asserts that in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer an armed career

criminal because his Oklahoma murder in the second degree conviction no longer qualifies as an ACCA "violent felony" and that his sentence should be vacated.[1] The ACCA provides:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection –
>     (A) the term "serious drug offense" means –
>         (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Expert Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>         (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>     (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>         (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>         (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*; and

---

[1] Driver does not assert that his two prior Oklahoma convictions for controlled substances offenses no longer qualify as predicate offenses for the ACCA.

> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

18 U.S.C. § 924(e).[2]

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. However, the Supreme Court held that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* Therefore, after *Johnson*, a defendant's conviction qualifies as a violent felony only if it satisfies either the elements clause, 18 U.S.C. § 924(e)(2)(B)(i), or the enumerated offense clause, 18 U.S.C. § 924(e)(2)(B)(ii).

Determination of whether a conviction qualifies under the elements clause of the ACCA requires the application of the categorical or modified categorical approaches.[3] Under the categorical approach, a court begins by examining "the fact of conviction and the statutory definition of the prior offense" to determine whether it has "as an element the use, attempted use, or threatened use of physical force against the person of another". 18 U.S.C. § 924(e)(2)(B)(i); *Taylor v. United States*, 495 U.S. 575, 602 (1990). The "central feature" of this analysis is "a focus on the elements, rather than the facts, of a crime." *Descamps v. United States*, 570 U.S. 254, 263 (2013). Under certain circumstances, a court may consider specific documents in the record beyond the statutory elements to determine whether a prior offense is a crime of violence. *See Johnson v. United States*, 559 U.S. 133, 144 (2010). This approach, referred to as the "modified categorical approach," is only used when the statute at issue is divisible – when it is comprised of

---

[2]The italicized language has come to be known as the ACCA's residual clause.

[3]The clause at issue in this case is the elements clause, as second-degree murder is not one of the offenses enumerated in the enumerated offense clause.

3

"multiple, alternative versions of the crime." *Descamps*, 570 U.S. at 263-64. Further, the critical distinction in the divisibility analysis is whether the enumerated alternatives are "means" or "elements." *See Mathis v. United States*, 136 S. Ct. 2243, 2254-55 (2016). Additionally, when one of those alternatives would not qualify as a violent felony under the ACCA, but another would, a court may look to certain documents outside the statute to determine which alternative served as the basis for the petitioner's conviction. *See id.*

Driver was convicted of second-degree murder in violation of Okla. Stat. tit. 21, § 701.8(1). Section 701.8 provides:

> Homicide is murder in the second degree in the following cases:
>
> 1. When perpetrated by an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual; or
>
> 2. When perpetrated by a person engaged in the commission of any felony other than the unlawful acts set out in Section 1, subsection B, of this act.

Okla. Stat. tit. 21, § 701.8. Having reviewed § 701.8, the Court finds that the subsections of § 701.8 enumerate separate crimes because each subsection has mandatory elements for conviction that differ from the other. This elemental distinction is also reflected in the fact that the Oklahoma Uniform Jury Instructions separately instruct on each subsection. *See* OUJI §§ 4-91, 4-92.

Having carefully reviewed the parties' submissions, the Court finds that Driver's conviction under § 701.8(1) falls under the elements clause. Specifically, the Court finds that a conviction under § 701.8(1) requires the use of physical force against the person of another. Conviction under this section requires that the defendant, through his own volition, take the life of another; there can be no higher form of physical force. The Court, therefore, finds that Driver's conviction for second-degree murder qualifies as a predicate offense for purposes of the ACCA

4

sentencing enhancement. Because Driver has three qualifying convictions under the ACCA, the Court finds Driver is an armed career criminal under the ACCA and, thus, is not entitled to relief.

III. Evidentiary Hearing

As set forth above, Driver's motion does not set forth a basis for relief from his conviction or sentence. Because that determination is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Driver's Motion to Correct Sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED this 5th day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE