**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-12-147-G |
| ) | Case No. CIV-21-343-G |
| **LOY EUGENE DRIVER,** ) | |
| a/k/a Tyrus Driver, ) | |
| a/k/a Lou Eugene Driver, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Now before the Court is a Motion Under 28 U.S.C. § 2255 (Doc. No. 73) filed by Defendant Loy Eugene Driver. In his Motion, Defendant seeks to vacate, set aside, or correct his federal criminal sentence on two grounds: (1) that the Court erroneously enhanced his sentence based on a misconstruction of the Oklahoma Statutes; and (2) that the Court lacked subject-matter jurisdiction to impose the sentence. *See id.* at 5-6.

I.   *Background*

On August 13, 2012, Defendant Loy Eugene Driver pled guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Minute Sheet (Doc. No. 28) at 1. On April 17, 2013, he was sentenced to 180 months in prison. *See* J. (Doc. No. 57) at 2. Neither Defendant nor the Government appealed.

Defendant filed his first motion for relief under 28 U.S.C. § 2255 on this criminal sentence on June 23, 2016. *See* Doc. No. 63. That motion was denied on March 5, 2018. *See* Doc. Nos. 70, 71.

On April 12, 2021, Defendant filed the instant § 2255 Motion.

II.     *Second or Successive 28 U.S.C. § 2255 Motions*

A federal prisoner can move the court to vacate, set aside, or correct a sentence on the ground that the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court is required to "promptly examine" any motion brought under § 2255 and to dismiss such a motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), R. Governing § 2255 Proc. for U.S. Dist. Cts.

As outlined above, the instant Motion is at least the second request for relief under 28 U.S.C. § 2255 filed by Defendant. A federal prisoner who has already filed a § 2255 motion may not file a second or successive § 2255 motion in the district court without first obtaining authorization from the appropriate court of appeals. *See id.* R. 9; 28 U.S.C. § 2255(h). There is no indication in the Motion or otherwise that Defendant has obtained the required authorization to file a second or successive § 2255 motion. Accordingly, the Court lacks jurisdiction to address Defendant's claims. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Court therefore may either dismiss the Motion or transfer it to the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d at 1252; *United States v. Romero*, 676 F. App'x 795, 797-98 (10th Cir. 2017). Section 1631 provides that, where jurisdiction is lacking, a federal court "shall, if it is in the interest of justice," transfer

the action to a court where the action "could have been brought." 28 U.S.C. § 1631. The statute, as interpreted by the Tenth Circuit, "grant[s] the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *In re Cline*, 531 F.3d at 1251 (internal quotation marks omitted). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate court] for authorization." *Id.* at 1252.

In determining whether a transfer would serve the interest of justice, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251.

### III.     *Defendant's Claims Would Be Time Barred if Filed Anew*

Motions filed under § 2255 are subject to a one-year limitation period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year limitations period generally runs from the date the judgment of conviction becomes "final" under § 2255(f)(1). *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006). Because no appeal was taken in this case, Defendant's conviction became final on or about May 1, 2013, 14 days after the entry of judgment. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A) (prescribing that a criminal defendant must file an appeal within 14 days of entry of judgment or of the filing of the government's appeal). Defendant's Motion, filed nearly eight years later, is therefore untimely under § 2255(f)(1).

Defendant asserts that his Motion is timely for two reasons: (1) because "the ruling in the case that supports [his] position was not filed until 7/6/2020"; and (2) because he "just learned of" jurisdictional rules and "how they may apply to [his] particular case." Def.'s Mot. at 5-6. Liberally construed, these arguments most reasonably implicate the exceptions prescribed by § 2255(f)(3) and (4), as well as the possibility of equitable tolling of the limitations period. Each argument is examined in turn.

### A. *Newly Decided Case*

Defendant first argues that the Court erroneously enhanced his felon-in-possession sentence based on a prior conviction under title 63, section § 2-401(A)(1) of the Oklahoma Statutes. *Id.* at 5. This argument is predicated on *United States v. Cantu*, 964 F.3d 924 (10th Cir. 2020), in which the Tenth Circuit held that a section 2-401(A) conviction is not

4

a "serious drug offense" for purposes of a sentence enhancement under the Armed Career Criminal Act ("ACCA"). *See id.* at 934. Defendant argues that, in contravention of *Cantu*, his sentence was enhanced based on his prior section 2-401(A) conviction and that, without such conviction, he would not have qualified for the enhancement. Defendant suggests that this claim is timely because it was filed within one year of the *Cantu* decision, which was issued on July 6, 2020. *See* Def.'s Mot. at 5.

The Court cannot agree. As an initial matter, *Cantu* was decided by the Tenth Circuit—not the Supreme Court. "While 28 U.S.C. § 2255(f)(3) authorizes a new, one-year statute of limitations to run from the date on which the right asserted was initially recognized by the Supreme Court, that provision does not apply here, as *Cantu* is not a Supreme Court decision." *United States v. Pitts*, No. CR-12-257-F, 2021 WL 326155, at *1 (W.D. Okla. Feb. 1, 2021). Thus, "*Cantu* cannot restart the clock" for Defendant, and timeliness may not properly be measured by § 2255(f)(3). *Id.*; *see also Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002).

Nor should the timeliness of the Motion be assessed by reference to § 2255(f)(4), as the *Cantu* decision does not constitute a newly discovered "fact" within the meaning § 2255(f)(4). *United States v. Thompson*, Nos. CR-12-102-F, CIV-21-314-F, 2021 WL 1794757, at *2 (W.D. Okla. May 5, 2021) ("[C]ourts, including the Tenth Circuit, have determined that a change or clarification of controlling law in a judicial decision is not a 'fact' that begins a new one-year statute of limitations under § 2254(f)(4)." (citing *United States v. Tyree*, 757 F. App'x 704, 706 (10th Cir. 2018))), *certificate of appealability*

5

*denied*, No. 21-6060, 2022 WL 245946 (10th Cir. Jan. 27, 2022); *see also United States v. Hines*, 592 F. App'x 755, 756 (10th Cir. 2015).

Finally, the Court cannot conclude that the issuance of the *Cantu* decision, standing alone, amounts to "extraordinary circumstances," such as actual innocence, that might warrant equitable tolling. *See Thompson*, 2021 WL 1794757, at *2 (citing *United States v. Burks*, 643 F. App'x 757, 758 (10th Cir. 2016)).

### B. *Newly Discovered Jurisdictional Rules*

Defendant's second contention is that the Court lacked subject-matter jurisdiction to impose the sentence. Def.'s Mot. at 6. This claim is timely, Defendant submits, because he "just learned of" jurisdictional authorities and "how they may apply to [his] particular case." *Id.*

Initially, the Court observes that Defendant's raising of a jurisdictional challenge does not exempt him from the one-year limitations period set forth in 28 U.S.C. § 2255(f). *See United States v. Salazar*, 784 F. App'x 579, 585 n.3 (10th Cir. 2019) (rejecting defendant's argument that his § 2255 motion "must be heard, regardless of whether the motion is untimely, because the Court lacked jurisdiction to impose" his sentence (internal quotation marks omitted)); *accord Barreto-Barreto v. United States,* 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255.").

Nor does Defendant's ignorance of the law warrant equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an

incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)); *see also Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008).

 *C. Transfer Is Not in the Interest of Justice*

 Because Defendant's claims would be time barred, the Court concludes that it would not be in the interest of justice to transfer Defendant's second or successive § 2255 Motion to the U.S. Court of Appeals for the Tenth Circuit. *See In re Cline*, 531 F.3d at 1251-52.

## CONCLUSION

 For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 (Doc. No. 73) is DISMISSED without prejudice for lack of jurisdiction.

 The Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant in a § 2255 proceeding. R. 11(a), R. Governing § 2255 Proc. for U.S. Dist. Cts. Section 2253(c) of Title 28 of the United States Code instructs that the district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253(c)(2), (3). To satisfy that standard, a defendant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484 (2000). After considering the record, the Court concludes that Defendant cannot make such a showing. The Court therefore finds that a certificate of appealability should be denied.

IT IS SO ORDERED this 30th day of March, 2022.

_____<br>
CHARLES B. GOODWIN<br>
United States District Judge